**Jose Luis De Los Santos RAMIREZ; Eulalia Flores Ortega, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–70376.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 24, 2008.

Jose Luis De Los Santos Ramirez, pro se.

Eulalia Flores Ortega, pro se.

Oil, Norah Ascoli Schwarz, Claire L. Workman, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, D.C., CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying petitioners' motion to reopen removal proceedings.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002).

The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed on August 10, 2007, more than 90 days after the November 6, 2006 final administrative decision. Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

Further, we lack jurisdiction to review the BIA's decision declining to exercise its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's unopposed motion to dismiss this petition for review in part for lack of jurisdiction is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**